FILED
SUPERIOR COURT
OF GUAM

2019 FEB -5 PM 2:07

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                Plaintiff,

        v.

JIMMY MARK CRUZ TYQUIENGCO,
DOB: 12/28/1979

                Defendant.

CASE NO. CF0272-16

DECISION & ORDER

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 09, 2018 for a hearing on a submission by the Defendant, Jimmy Tyquiengco ("Defendant") of a Motion of Acquittal or New Trial. The Defendant is represented by Attorney James Maher, and the People of Guam are represented by Assistant Attorney General Sean Brown. After considering the briefings and arguments of the parties, and the applicable law, the Court now issues its decision.

### BACKGROUND

Defendant was initially charged with Child Abuse (as a Third Degree Felony) and Family Violence (as a Misdemeanor). (Indictment, May 13, 2016). The charges arise from an alleged incident involving Defendant's daughter, *G.S.T.* ("Victim"). During his arraignment, Defendant entered a plea of not guilty and waived his right to a speedy trial pursuant to 8

G.C.A. § 80.60. (Minute Entry, June 15, 2016; Waiver of Speedy Trial, Jun. 15, 2016). Thereafter, the Court issued a Trial Scheduling Order setting jury selection and trial for June 18, 2017. (Criminal Trial Scheduling Order, Nov. 17, 2016). Defendant withdrew his demand for a jury trial and requested for a bench trial. (Notice of Withdrawal of Demand for Jury, May 18, 2017).

A grand jury returned a Superseding Indictment and charged the Defendant with Aggravated Assault (as a Third Degree Felony), Child Abuse (as a Third Degree Felony), and Family Violence (as a Third Degree Felony), each accompanied by a Special Allegation for Possession or Use of a Deadly Weapon in the Commission of a Felony. (Superseding Indictment, Jul. 14, 2017). Following the filing of the Superseding Indictment, the Court granted a request by Defendant's prior attorney, Vincent Leon Guerrero, to withdraw as counsel. (*See* Order Granting Def.'s Req. for Withdrawal of Counsel, Nov. 08, 2017). Attorney James Maher entered his appearance as counsel for Defendant. The Court subsequently issued a Decision and Order permitting the Defendant to withdraw his waiver of a jury trial. (Dec. & Order, Apr. 10, 2018).

Trial began on September 13, 2018. (Minute Entry, Sep. 13, 2018) Before closing arguments were heard, the Court held a conference to finalize the jury instructions. (Minute Entry, Sep. 21, 2018). At the conference, the People proposed an instruction to help the jury distinguish the charge of Family Violence (as a Third Degree Felony) from Family Violence (as a Misdemeanor) which would eventually become a portion of Instruction 5I:

> In determining whether an act of family violence is a third degree felony, consider the following factors, among others: Use of a weapon by the defendant; the victim's attitude and conduct regarding the incident; and the extent or seriousness of the victim's injuries.

(Jury Instructions at 50, Sep. 24, 2018); (Court Recording at 09:45:20-09:55:44, Sep. 21, 2017). The Defendant initially objected—not to the instruction as a whole—but as to several factors contained in the People's proposed instruction. *Id.* at 09:46:20. The Court struck a number of irrelevant factors, and read the finalized instruction aloud to the parties. *Id.* at 09:48:50-09:50:20. The Defendant indicated no objection to the instruction after the Court had struck a number of factors. *Id.* at 09:50:23-26. The People subsequently asked the Court to add the "extent or seriousness of the victim's injuries" factor they had forgotten to include in their initial proposed instruction. *Id.* at 09:50:26-09:51:20. The Defendant objected to the inclusion of this factor, and the Court entered the factor over the Defendant's objections. *Id.* at 09:45:20-09:55:44.

The People also sought to add the word "mental" to the child abuse definition (5H), and for the essential elements of child abuse as a felony and misdemeanor instructions (6B and 6B-1). *Id.* at 9:43:30. The Defendant did not object to the inclusion, however, the word "mental" was only eventually included in one of the child abuse instructions: 6B-1. *Id.*; (Jury Instructions at 59).

On October 01, 2018 the jury returned verdicts of guilty for Assault (as a Misdemeanor), Child Abuse (as a Misdemeanor), and Family Violence (as a Misdemeanor). (Verdict Form 2, 5, 8, Oct. 01, 2018). The Defendant subsequently filed his Motion for Judgment of Acquittal or New Trial. (Mot. Judg. Acquittal or New Trial, Oct. 08, 2018). The People filed a response to which the Defendant filed a reply. (People's Response in Opposition, Oct. 23, 2018); (Def. Reply to People's Opposition, Oct. 29, 2018). On November 09, 2018 the Court heard oral arguments on the

Defendant's motion and took the matter under advisement. (Minute Entry, Nov. 09, 2018).

## DISCUSSION

### A. Motion for Acquittal

A defendant who is convicted of a crime loses the presumption of innocence. *People v. Chin Song*, 2012 Guam 21 ¶ 28 (citing *State v. Sisk*, 343 S.W. 3d 60, 65 (Tenn. 2011). As such, the Defendant now bears the burden of proving that the evidence presented to the jury was legally insufficient to sustain his conviction. *Id.* A motion for judgment of acquittal should be granted "if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 GCA § 100.1. Under Guam law, "[t]he trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged." *People v. George*, 2012 Guam 22 ¶ 47 (citing *People v. Chin Song*, 2012 Guam 21 ¶ 26). The Court "will review the evidence presented against [Defendant] in a light most favorable to the government to determine whether, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Quinata*, 1999 Guam 6 ¶ 9 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2788 (1979)).

The Defendant complains that no rational jury could have acquitted the Defendant of the felony charges while also convicting him of the lesser included misdemeanor offenses, attacking the jury's finding of bodily injury despite the People's overwhelming push for a finding of serious bodily injury. (Mot. Judg. Acquittal or New Trial at 6). The Defendant was convicted of assault, child abuse, and family violence as misdemeanors. (Verdict Form 2, 5, 8). Assault and family violence required the People prove the Defendant caused or attempted to cause bodily injury. 9 GCA §§ 19.30(a)(1) and 30.10(a)(1). Child abuse required a showing that the

Defendant unreasonably caused or permitted the physical or emotional health of a child in his care to be endangered. 9 GCA § 31.30(a)(2)(C).

Defendant's argument seeks to turn the standard for a judgment of acquittal on its head. Instead of arguing that there was insufficient evidence to support the jury's convictions for the misdemeanor offenses, he instead argues that the People put on such evidence of a higher degree of harm, that the jury should have either convicted the Defendant of the felony offenses or acquitted the Defendant entirely. (*See* Mot. Judg. Acquittal or New Trail at 4-6). In doing so he misconstrues the task for this Court. The Court's task in reviewing a motion for judgment of acquittal is not to question why the jury did not find serious bodily injury or convict the Defendant of the felony offenses. *See People v. Chin Song*, 2012 Guam 21 ¶ 29. These questions were factual determinations for the jury, and it is not this Court's place to weigh the evidence or substitute its own judgment for that of the jury's. *Id.* Our concern is with the existence or nonexistence of evidence proving beyond a reasonable doubt the essential elements of the crimes the Defendant was actually convicted of. *See id.* ¶¶ 28-29. *See Id.* A defendant is only entitled to a judgment of acquittal where the People fail to produce evidence or the evidence presented raises a mere suspicion of guilt. *Id.* ¶ 29. As such, the Defendant is incorrect when he suggests that he is entitled to acquittal simply because the People focused a great deal on proving serious bodily injury. (*See* Mot. Judg. Acquittal or New Trail at 6). The Defendant would only be entitled to acquittal with regard to the element of harm if the People put on no evidence of bodily injury or put on evidence that, in the light most favorable to the People, could not support a rational finding of the element beyond a reasonable doubt. *Quinata,* 1999 Guam 6 ¶ 9; *Chin Song*, 2012 Guam 21 ¶ 29.

With regard to the evidence of bodily injury to the victim in this case, the victim testified that the Defendant had used a hair straightener to burn her in the Defendant's room, and testified to the pain she felt as a result. (Court Recording at 11:01:00-11:03:11, 11:40:30, Sep. 19, 2018). The People's medical experts both reported that the victim suffered from injuries that ranged from first degree (least serious) to third degree (most serious) burns on her hands and arms. (Court Recording at 11:58:40-11:59:20, 12:02:30-12:03:15, 03:11:00-03:21:00, Sep. 14, 2018). Dr. Wendy Frickel also testified that the victim was crying and screaming when they were tending to the wounds. (Court Recording at 03:26:20-03:26:30, Sep. 14, 2018) Bodily injury is defined as "physical pain, illness, unconsciousness or any impairment of physical condition." 9 GCA § 16.10(b). Viewing the evidence in the light most favorable to the People, the Court finds that a rational jury could have found that the Defendant caused bodily injury to the victim.

With regard to child abuse, the People were only required to prove that the Defendant unreasonably caused or permitted the physical or emotional health of a child in his care, the victim, to be endangered. Neither party contends that, at the time the incident occurred, the victim was not in the Defendant's care during a weekend visitation. As we have stated above, the victim testified that the Defendant caused physical injury to the victim by burning her. (Court Recording at 11:01:00-11:03:11, 11:40:30, Sep. 19, 2018). The People's medical experts reported that the resulting burn too up to six months to heal, and the most severe injuries posed a risk of infection to the victim. (Court Recording at 12:05:00, 3:30:45-03:31:49, Sep. 14, 2018). In addition, the testimony of the victim and Officer Finona indicated that the incident created a lot of fear and distress for the victim, and that fear not only made her uncomfortable speaking about the incident, but was also the reason the victim did not cry for help while being injured.

(Court Recording at 04:45:25-04:50:00, Sep. 13, 2018). Considering the evidence in the light most favorable to the People, a rational jury could have found that the Defendant, through his actions, caused the victim's physical health—by causing injuries , some of which posed a risk of infection— or emotional health—by creating lasting fear in the victim—to be endangered while the victim was in the Defendant's care.

The Court holds that there is sufficient evidence for a rational jury to find there was sufficient evidence the Defendant had committed the element of harm for each offense. Because the Defendant complains only as to the element of harm, and it is ultimately the Defendant's burden to demonstrate the legal insufficiency of his convictions, the Court concludes that the Defendant has not met his burden, and is therefore not entitled to a judgment of acquittal. *Chin Song*, 2012 Guam 21 ¶ 28-29.

**B. Motion for New Trial**

The Defendant alternatively asserts that he is entitled to a new trial due to errors in the jury instructions. (Mot. Judg. Acquittal or New Trial at 6-12). The Defendant asserts three alleged errors in the jury instructions: 1) Instruction 6B-1 improperly included the word "mental" permitting the jury to convict on an element not prescribed by statute; 2) Instruction 5I erroneously delegates a duty of the court to the jury; and, 3) Instruction 5I's inclusion of the phrase "among others" is impermissively vague, and allowed the jury to speculate on factors outside those given in the instruction. *Id.*[1]

---

[1] The Defendant renews the argument he used in his Motion for Acquittal in his Motion for New Trial regarding his conviction for Assault (as a Misdemeanor) (i.e. no rational jury could find bodily injury instead of serious bodily injury). (Mot. Acquittal or New Trial at 12-13.) As stated above, this Court finds that a rational jury could have rational found sufficient evidence for the element of bodily injury and convicted the Defendant of the lesser included offense of assault. *See Supra*, Part A. While the Court does have the power to weigh the evidence for itself on a motion for new trial; granting a new trial based on the weight of the evidence is greatly disfavored and should be done in only exceptional cases. *People v. Leslie*, 2011 Guam 23 ¶ 25. We are not convinced that the Defendant is

This Court, on a motion by the Defendant, may grant a new trial if required in the interest of justice. 8 GCA § 110.30(a). When a defendant fails to object to an alleged erroneous instruction at the time of trial, the alleged error is subject to plain error review. *People v. Campos*, 2015 Guam 11 ¶ 17. This standard is highly prejudicial, and requires a showing that "1) there was error; 2) that the error was clear and obvious under the current law; 3) the error affected [the Defendant's] substantial rights; and 4) reversal is necessary to prevent a miscarriage of justice or maintain the integrity of the judicial process." *Id.*

The Defendant did not object to the inclusion of the word "mental" to the child abuse definitions and instructions at trial. (Court Recording at 9:43:30, Sep. 21, 2018). The Defendant did object to Instruction 5I, however the Defendant only objected as to the factors listed in the instruction, and not the inclusion of the instruction to permit the jury to differentiate between felony and misdemeanor family violence. *Id.* at 09:45:20-09:55:44. An error in the jury instructions is subject to plain error review if not properly objected to at trial. *See U.S. v. Williams*, 990 F.2d 507, 511 (9th Cir. 1993) (discussing Fed. R. Crim P. 30); *People v. Felder*, 2012 Guam 8 ¶ 15-18 (explaining the history of Fed. R. Crim. P. 30 as it relates to 8 GCA 90.19(c), and concluding that failure to object to a jury instruction subjects any alleged error to plain error review). A proper objection states distinctly the matter objected to and the grounds for the objection. *Williams*, 990 F.2d at 511. It is not enough to offer an alternative instruction; a party must make the court fully aware of its position when objecting. *Id.*

This Court finds that the Defendant has not properly preserved his objection to Instruction 5I, and any alleged error is subject to plain error review. At the conference, the Defendant objected only to the factors to be included within the instruction and not that the

entitled to a new trial where, had the Court agreed with his argument, the Defendant would have been entitled to acquittal.

Defendant objected to some delegation of the court's authority to the jury, as the Defendant asserts now. After the striking a majority of the factors in Instruction 5I, the Defendant indicated that he was fine with its inclusion, and only subsequently objected to the additional factor of "extent or seriousness of the victim's injuries." The Defendant's objections to the factors in Instruction 5I are akin to the Defendant offering to the Court an alternative version of that instruction. The position the Defendant communicated to the Court was that the Defendant objected to the inclusion of particular factors, and not that the Defendant felt the instruction itself was improper. Therefore, we now review each of the alleged instructional defects for plain error.

### i. The inclusion of the word "mental" in Instruction 6B-1

As an initial matter, the People concede, and the Court finds that the inclusion of the word "mental" in Instruction 6B-1 "Essential Elements of Child Abuse (as a Misdemeanor)" was an error that was clear and obvious under the current law. (*See* People's Response in Opposition at 6). Guam law prescribes that a person is guilty of child abuse when, having a child in his care or custody, he or she "unreasonably causes or permits the *physical or, emotional* health of that child to be endangered." 9 GCA § 31.30(a)(2)(C). The statute does not state that a person may be convicted of child abuse when they unreasonably cause or permit the mental health of the child to be endangered. *Id.* As such, the the inclusion of the word "mental" was in error.

Having found error, the next step is to determine whether that error affected the Defendant's substantial rights. *Campos*, 2015 Guam 11 ¶ 17. The Defendant bears the burden of demonstrating that the error was prejudicial. *People v. Gargarita*, 2015 Guam 28 ¶ 23. A prejudicial error "must constitute a mistake so serious that but for it the defendant probably

would have been acquitted." *Id.* The Defendant argues that the inclusion of the word "mental" permitted him to be convicted of a crime not prescribed by the child abuse statute. (Mot. Acquittal or New Trial at 7). While the Defendant is correct that the endangerment of a child's mental health is not an element of child abuse. However, in light of the evidence presented at trial, the distinction between the mental health and emotional health of the victim is a distinction without a difference.

The only evidence presented to the jury of nonphysical injury to the victim involved the fear the victim experienced regarding the incident. Officer Finona testified that the victim was reluctant to speak about her injuries, refusing to make eye contact, looking away. (Court Recording at 04:46:15-04:47:10, Sep. 13, 2018). The officer reported that the victim said she was scared, and the victim did not cry out during the incident because she was afraid. *Id.* at 04:48:10-04:49:00. The victim herself stated that she was scared to talk about the incident, and was reluctant to speak about the incident when testifying at trial. (Court Recording at 10:53:50-11:40:30, Sep. 19, 2018). Any deliberation by the jury of the victim's mental health would have concerned the victim's fear regarding the incident and the Defendant. Fear is defined as "[t]he strong, negative *feeling* that a person experiences when anticipating danger or harm." *Fear*, Black's Law Dictionary (10th ed.2014). Because the only evidence of nonphysical endangerment to the victim involved solely the victim's emotional state of fear, the jury could not parsed the evidence in such as a way to find that the Defendant had endangered the victim's mental health without simultaneously finding that the Defendant endangered the victim's emotional health. Therefore, the Defendant has not demonstrated that, but for the inclusion of the word "mental" in Instruction 6B-1, the Defendant would have been acquitted of Child Abuse (as

a Misdemeanor), and is thus not entitled to a new trial because of this error. *Gargarita*, 2015 Guam 28 ¶ 23; *Campos*, 2015 Guam 11 ¶ 17.

### ii. The inclusion of the second paragraph in Instruction 5I

The Defendant next contends that the second half of Instruction 5I, requiring the jury to consider certain factors in determining whether the Defendant is guilty of felony family violence, is an impermissible delegation of the court's authority under 9 GCA § 30.20(c) to the jury. The subsection prescribes that, on pretrial motion by a defendant, a court will consider a number of factor in deciding whether a charge of felony family violence should be reduced to a charge of misdemeanor family violence. *Id.* However, because the prosecution proposed an instruction based on 30.20(c), and the court accepted the instruction with alteration, does not in of itself mean the instruction was given in error.

Neither of the parties at trial objected to instructing the jury as to the lesser included offense of Family Violence (as a Misdemeanor). However, because of the way the family violence statute is written, there is no distinction in the essential elements of felony and misdemeanor family violence. 9 GCA §§ 30.10 and 30.20(a) ("Any person who intentionally, knowingly, or recklessly commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, or of a third degree felony."). As both the greater offense and lesser offense contained the same essential elements, it became necessary to instruct the jury on how to differentiate between the two offenses. The § 30.20(c) factors were the most logical and practical basis upon which to inform the jury that the difference between felony and misdemeanor family violence, which depends largely on the circumstances surrounding the act. 9 GCA § 30.20(c) and (d). Therefore, it was not in error for the court to pose the relevant factors listed in §30.20(c) to the jury, nor would it be clear and obvious given the statute that the posing

of such factors to the jury would be erroneous. *See* 9 GCA § 30.10 and 30.20(a) (providing no guidance as how to distinguish felony and misdemeanor family violence).

Even, if Instruction 5I was in error, however, the error did not affect the Defendant's substantial rights. The instruction states that the jury should consider the factors only in determining whether the act of family violence is a third degree felony. (Jury Instructions at 50). The instruction does not make it more likely that the jury will convict the Defendant of the crime of family violence, because Instructions 6C and 6C-1 clearly and accurately inform the jury of the essential elements the People must prove beyond a reasonable doubt. *Id.* at 62-63. The Defendant's argument does not suggest that that if the court had denied the second portion of Instruction 5I, that the Defendant would have been acquitted. (Mot. Acquittal or New Trial). It is clear from the guilty verdict that the jury had found beyond a reasonable doubt that the Defendant had committed all of the essential elements of the crime of family violence. (Verdict Form 8). If anything, the second portion of Instruction 5I was a boon to the Defendant, permitting him to enjoy the potential benefit of a reduction under § 30.20(c) without filing the requisite pretrial motion. Therefore, the Defendant has not met his burden in establishing prejudice, and this thus not entitled to a new trial regarding this alleged error. *Gargarita*, 2015 Guam 28 ¶ 23; *Campos*, 2015 Guam 11 ¶ 17.

### iii. The inclusion of the phrase "among others" in instruction 5I

Last, the Defendant contends that the phrase "among others" included in Instruction 5I was vague and permitted the jury to consider outside factors when deciding whether family violence is a felony. (Mot. Acquittal or New Trial at 11-12). In determining whether the jury instruction accurately states the relevant law, a single jury instruction should not be judged in isolation. *Gargarita*, 2015 Guam 28 ¶ 14. Instead, the instructions should be viewed as a whole.

*Id.* The Defendant claims that Instruction 5I permits the jurors to consider factors outside the instructions when determining if family violence is a felony. However, the jury was specifically instructed that such considerations would be a violation of their duty as jurors to not disregard the instructions as given to them. (Jury Instructions at 8). The court reminded the jurors of their duty to take the instructions as given to them during both jury selection and after closing arguments. In addition, the jurors were properly admonished from investigating the law, or considering facts to which there was no evidence presented. (Jury Instructions at 17). The Court specifically struck factors that the People did not introduce evidence of. (Court Recording at 09:48:50-09:50:20). Therefore, considering the instructions as a whole, the inclusion of the phrase "among others" was not erroneous because the jurors were properly instructed that they were to consider only the factors the court had provided to them—factors that had been specifically chosen to conform to the evidence presented at trial.

Additionally, even if the use of the phrase "among others" constituted error, the Defendant cannot demonstrate that his substantial rights were violated. The Defendant must demonstrate that the instruction prejudiced him to such a degree that he would have been acquitted but for the instruction's inclusion. *People v. Gargarita*, 2015 Guam 28 ¶ 23. Instruction 5I exists only to help the jury determine if the Defendant was guilty felony family violence. (Jury Instructions at 50). It instructs the jury to raise the degree of criminality for family violence from a misdemeanor to a felony if the jury finds certain aggravating factors. *See id.* In addition, the jury would still have to find that the Defendant committed all of the essential elements of family violence listed in Instructions 6B and 6B-1. *Id.* at 62-63. Instruction 5I does not become relevant until the jury has already determined that the Defendant committed family violence. The jury did find that the Defendant had committed all the essential

elements family violence. (Verdict Form 8). Therefore, the Defendant cannot show that he would have been acquitted of the crime of family violence if not for the inclusion of Instruction 5I and the phrase "among others." The Defendant was not prejudiced by Instruction 5I; the instruction instead prevented the Defendant from being arbitrarily convicted of felony family violence. As such, the Defendant has not met his burden, and we decline to order a new trial on this alleged instructional error. *Gargarita*, 2015 Guam 28 ¶ 23; *Campos*, 2015 Guam 11 ¶ 17.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion for Judgment of Acquittal or New Trial. A Sentencing Hearing will be held on April 05, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 05th day of February, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_AG + J. MAHER_



Date: FEB 05 2019    Time: 215pm

_Cynthia T. Tiong_
Deputy Clerk, Superior Court of Guam